IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOSEPH C. CLARK and LAWRENCE N. DALTON,[1]

                                 Petitioners,

   v.

BRIAN FOSTER and JANEL NICKEL,

                                 Respondents.

OPINION & ORDER

16-cv-603-jdp

---

      Joseph C. Clark and Lawrence N. Dalton, both state of Wisconsin prisoners, have filed a joint petition for writ of habeas corpus, challenging Clark's 1996 and 1997 convictions for crimes including first-degree intentional homicide, child abuse, and mayhem, and Dalton's 1980 conviction for crimes including first-degree murder and first-degree sexual assault.

      Petitioners have paid the $5 filing fee. The next step is for the court to conduct a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases.[2] Under this rule, I must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." In reviewing this pro se petition, I must read the allegations generously, reviewing them under "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S.

---

[1] The caption is amended to reflect the spelling of petitioner Dalton's first name as he spelled it in a previous case filed in this court. *See* Dkt. 10 in case no. 15-cv-154-jdp.

[2] Petitioners state that this habeas petition is not one under 28 U.S.C. § 2254 but rather one brought under common law. But § 2254 is "the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody," *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000), so I will treat his petition as one under § 2254.

519, 521 (1972) (per curiam). After reviewing the petition with these principles in mind, I will dismiss it as frivolous.

There are numerous problems with the petition. Petitioners attempt to bring this petition together, under the theory that they have both been convicted under invalid statues. In extremely limited circumstances it might be possible for two or more prisoners to bring a joint habeas petition. *See, e.g., Lacy v. Butts*, No. 1:13-CV-811-RLY-DML, 2015 WL 5775497, at *2 n.3 and *9 (S.D. Ind. Sept. 30, 2015) (granting class certification to group of habeas petitioners) (citing *Bijeol v. Benson*, 513 F.2d 965, 968 (7th Cir. 1975)). Because I am dismissing the case as frivolous, I need not determine whether this is one of the rare occasions in which joinder is proper.

Apart from the question whether joinder is appropriate, I am not convinced from the record that petitioner Dalton has read and signed all of the documents petitioners have filed. Petitioners have submitted what purports to be Dalton's grant of power of attorney to petitioner Clark for purposes of this litigation. Dkt. 2-2. But signing a "power of attorney" document does not give a non-attorney the ability to represent someone else in this court. *See, e.g., Johnson v. Bank One N.A.*, 90 F. App'x 956, 957 (7th Cir. 2004). Although a signature for Dalton appears on the documents petitioners have submitted, those signatures are preceded by the phrase "on behalf of." Also, Dalton's first name (and the signatures) are spelled "Lawerance," which appears to be incorrect: electronically accessible versions of his state court proceedings and a document directly filed to this court by him in a previous joint habeas petition with Clark show that his first name is spelled "Lawrence." Petitioners should be aware that Clark cannot sign documents for Dalton.

Even assuming that petitioners could continue together with this action, they have almost certainly waited too long to file this petition given the one-year statute of limitations for § 2254 petitions under the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d). And they have procedurally defaulted their claims by not raising them in the state courts before bringing this petition. Along the same lines as their substantive claim for relief, they argue that there is no state court in which to exhaust remedies because "[p]ast the idea of and Constitution of "wisconsin", the "state of wisconsin" does not exist." Dkt. 1, at 6. This argument is frivolous on its face. The Wisconsin state court system has legitimate authority and this court rarely excuses habeas petitioners from failing to litigate their claims in that system.

Usually, I would end my review here and ask petitioners to show cause why their petition should not be dismissed for these problems. But because their underlying claim for relief is so obviously frivolous, it would not make sense to keep the case open while I seek their input on these issues. Instead, I will dismiss the case because it is plain from the petition that they are not entitled to relief on the merits.

Although petitioners allude in passing to several constitutional rights in their petition, the only argument on the merits they develop in their briefing is that their convictions are invalid because the various Wisconsin statutory sections they were convicted under do not contain an "enacting clause," as required by the Wisconsin Constitution, which states, "The style of all laws of the state shall be 'The people of the state of Wisconsin, represented in senate and assembly, do enact as follows.'" Wis. Const. art. IV, § 17(1). Petitioners contend:

> The purported laws in the complaints, which Clark and Dalton are said to have violated, are referenced to various "statute laws" found printed in the "wisconsin statutes annotated" books. They have looked up the "statute laws" against them in those books

3

> and found no enacting clause for any of the "statute laws" . . . .
> A citizen is not expected or required to search through other
> records or books for the enacting clause. If the enacting clause is
> not "on the face" of the laws, then they are not the "laws" of
> "wisconsin", and thus are not "law" to which they are subject to.
> Since they are not the "laws" of this "state", the "courts" stated
> within has no subject matter jurisdiction, as there can be no
> crime which can exist from failing to follow laws which do not
> constitutionally exist.

Dkt. 2, at 13.

This theory about the invalidity of Wisconsin criminal statutes has already been rejected by federal and Wisconsin courts alike. *See Nash v. Hepp*, No. 08-CV-202, 2009 WL 1034485, at *2 (E.D. Wis. Apr. 16, 2009); *State v. Weidman*, 2007 WI App 258, ¶ 5, 306 Wis. 2d 723, 743 N.W.2d 854. Nothing in the Wisconsin Constitution requires that the *statutes* themselves include enacting-clause language; an enacting clause is part of the *act* passed by the legislature. *Weidman*, 2007 WI App 258, ¶ 5. Petitioners here, like the petitioners in other cases, are unable to point to any act failing to contain a proper enacting clause. A cursory review of the statutes under which petitioners were convicted shows that the corresponding acts include the proper enacting clause. *See, e.g.*, 1987 Wis. Act 399 (act repealing first-degree murder statute and replacing with first-degree intentional homicide offense contains enacting clause); 1955 Wis. Laws, Ch. 696 (act creating new version of Wisconsin Criminal Code contains enacting clause).

Petitioners argue that they should not should not be "expected or required to search through other records or books for the enacting clause," but they are incorrect. It is their burden to show that their convictions are invalid. Because they raise only a frivolous claim for relief, I will dismiss their petition and close this case.

Petitioners have filed a host of other motions, such as a motion for appointment of counsel, motion for immediate release pending review, and a motion for alternative dispute resolution. Given the frivolousness of their petition, none of these motions would have any effect on the outcome of the case. They will be denied as moot.

Under Rule 11 of the Rules Governing Section 2254 Cases, I must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires the petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Although the rule allows me to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case. For the reasons already stated, I conclude that petitioners have not made a showing, substantial or otherwise, that their convictions were obtained in violation of clearly established federal law as decided by the Supreme Court. Because reasonable jurists would not debate whether a different result was required, I will not issue petitioners a certificate of appealability.

ORDER

IT IS ORDERED that:

1. Petitioners Joseph C. Clark and Lawrence N. Dalton's petition for a writ of habeas corpus under 28 U.S.C. § 2254, Dkt. 1, is DENIED, and this case is DISMISSED. The clerk of court is directed to enter judgment for respondents and close this case.

2. All of petitioners' pending motions are DENIED.

3. A certificate of appealability is DENIED. If petitioners wish, they may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

Entered December 7, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge