IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOSEPH C. CLARK and LAWRENCE N. DALTON,

                Petitioners,

v.

BRIAN FOSTER and JANET NICKEL,

                Respondents.

ORDER

16-cv-603-jdp

---

    Joseph C. Clark and Lawrence N. Dalton, both state of Wisconsin prisoners, filed a joint petition for writ of habeas corpus, challenging Clark's 1996 and 1997 convictions for crimes including first-degree intentional homicide, child abuse, and mayhem, and Dalton's 1980 conviction for crimes including first-degree murder and first-degree sexual assault. I dismissed the petition as frivolous in a December 7, 2016 order. Dkt. 13.

    Petitioners have now filed a notice of appeal, but they have not included the $505 filing fee for the appeal.[1] Instead, they have filed a motion for extension of time to pay the fee and for petitioner Clark to be allowed use of his release account to pay the fee. They suggest that they will not be able to pay the fee if they are not allowed to use release account money. To the extent that petitioners might be seeking *in forma pauperis* status, I will deny that motion, because the appeal is not taken in good faith. As I stated in the December 7 order, the petition is frivolous because it is grounded in long-discredited theories regarding

---

[1] The Court of Appeals for the Seventh Circuit initially noted a problem with the appeal—it appeared to have been filed too late after the judgment. *See* Dkt. 5 in the appellate docket, case no. 17-1075 (7th Cir.). But petitioners submitted a memorandum explaining that they placed the notice of appeal in the prison mail stream within the deadline, Dkt. 7 in the appeal, and the court of appeals ruled that the appeal should proceed, Dkt. 8 in the appeal.

the use of enactment clauses in criminal statutes. *See* Dkt. 13, at 4. This means that petitioners must prepay the entire $505 fee.

Petitioners want to pay the fee with funds from Clark's release account. Generally, this court is reluctant to tell the Wisconsin Department of Corrections how to manage and disburse inmate account funds. *See, e.g.*, *Mosby v. Wommack*, No. 08-cv-677, 2009 WL 2488011 (W.D. Wis. Aug. 12, 2009) ("[W]ith the exception of initial partial payments, [federal district courts] do not have the authority to tell state officials whether and to what extent a prisoner should be able to withdraw money from his release account."); *Artis v. Meisner*, No. 12-cv-589, 2015 WL 5749785, at *5-6 (W.D. Wis. Sept. 30, 2015) ("Absent some authority requiring the prison to disburse [petitioner's] release account funds, the court declines to interfere in the administration of Wisconsin state prisons.").

Nonetheless, the funds in Clark's release account belong to him, and Wisconsin courts and the Eastern District of Wisconsin seem to agree that release account funds may be used to pay off filing fees. *See, e.g.*, *Spence v. Cooke*, 222 Wis. 2d 530, 587 N.W.2d 904 (Ct. App. 1998) (Wisconsin's version of PLRA allows use of release account funds for filing fees); *see also Spence v. McCaughtry*, 46 F. Supp. 2d 861 (E.D. Wis. 1999) (directing DOC to collect balance of filing fee from release account). Even so, I take petitioners to be saying that they need a court order to access these funds. I will direct the state to respond to petitioners' motion, stating whether it opposes their request for use of release account funds, and explaining whether it believes a court order is necessary for disbursement of the funds, or whether petitioners can simply request those funds from the business office.

ORDER

IT IS ORDERED that:

1. Petitioners' motion for leave to proceed *in forma pauperis* with their appeal, Dkt. 16, is DENIED.

2. Respondent may have until February 7, 2016, to respond to petitioners' motion for use of release account funds.

Entered January 24, 2017.

                              BY THE COURT:

                              /s/
                              _____
                              JAMES D. PETERSON
                              District Judge